ALEXANDER STEWART, Respondent, v. EDMUND C. BRAMHALL, Appellant.

*Usury — accommodation indorser of corporation note — cannot plead.*

One who becomes the accommodation indorser of a note, made by a corporation to enable the corporation to raise money, which is subsequently discounted at a usurious rate of interest, cannot interpose the defense of usury in the action brought against him thereon.

Appeal from a judgment in favor of the plaintiff, entered on the report of a referee.

*Wm. F. Shepard*, for the appellant.

*A. B. Capwell*, for the respondent.

BRADY, J.:

The New York and Silver Peak Mining Company determined by a resolution to raise money by their notes, which were to be sold at a discount not exceeding twelve and a half per cent. The defendant and one Roswell S. Burrows were trustees of the company, and the former was a member of the finance committee authorized to borrow money in the manner stated. He participated in the proceedings which resulted in adopting the method mentioned of raising the money required. Mr. Burrows took some of the notes and agreed with the defendant to discount the note in suit, if the latter would indorse it for the benefit of the company. The indorsement and discount were made and the proceeds paid to the company. The defendant thus became a surety for the payment of the sum for which the note was paid. It was upon the strength of his indorsement that Mr. Burrows discounted the note. The rate of discount was in accordance with the resolution. There is no distinction in principle between this case and the case of *Rosa* v. *Butterfield* (33 N. Y., 665). The note herein was discounted for the company at their rate, but not upon their responsibility alone. The note, though thus discounted, was a valid obligation against the company, and it was not affected in any way by the agreement between Mr. Burrows and the defendant. It was a binding instrument, and a guarantor of its payment would be bound (33 N. Y., *supra*) or an indorser. (*Union Bank of Pittsburgh* v. *Wheeler*, 60 N. Y., 612.) Under these authorities neither the company nor the indorser could make the defense of usury available.

The judgment should, for these reasons, be affirmed, with costs.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment affirmed, with costs.